# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW AUSLANDER,**<br><br>  Plaintiff,<br><br>  v.<br><br>**HECTOR LORA, VINCENT GENTILE, ALEXANDER CASTELLON, and the CITY OF PASSAIC,**<br><br>  Defendants. | Civ. No. 20-12542 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    Matthew Auslander was an officer in the Passaic Police Department. He alleges that he faced adverse consequences from his perceived association with a faction of the local Democratic party persons that was not currently in power in Passaic. He brings civil rights claims against the City of Passaic, Mayor Hector Lora, and Police Department employees. The City and Mayor Lora moved to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). (DE 6, 8.)[1] Auslander opposed those motions but also moved to amend his complaint. (DE 13.) For the following reasons, the motion to amend is **GRANTED**, but the motions to dismiss (DE 6, 8) are also **GRANTED**, because the allegations, even as amended, fail to state a viable claim.

  I.  **BACKGROUND**

    Auslander was an officer in Roy Bordamonte's unit. (Am. Compl. ¶ 10.) Bordamonte was close with Richard Diaz, who aspired to succeed then-Mayor Alex Blanco. (*Id.* ¶ 9.) When Diaz announced his candidacy, Auslander was there to show his support. (*Id.* ¶ 12.) But Mayor Blanco preferred Hector Lora

---

[1]    Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Am. Compl. = Proposed Amended Complaint (DE 13-1)

to succeed him, and the City Council appointed Lora to fill the remainder of Blanco's term when he resigned. (*Id.* ¶¶ 9, 16.)

After the succession, Bordamonte's unit was disbanded, and Auslander was reassigned to a different unit against his preferences for transfer to the detective bureau. (*Id.* ¶¶ 17–18.) The detective bureau gained a new commander, Lieutenant Alexander Castellon, a "well-known supporter" of Lora. (*Id.* ¶¶ 19–20.) Another Lora ally was Deputy Chief Louis Gentile who, with Lieutenant Castellon, publicly touted their closeness to the new mayor. (*Id.* ¶¶ 20–24.) Because they knew Auslander was close to Bordamonte and Diaz, they assigned him menial work, blocked his requests for transfers, made false statements about him, and interfered with his disability benefits. (*Id.* ¶¶ 22, 25–28, 30.)

In response, Auslander sued the City, Mayor Lora, Deputy Chief Gentile, and Lieutenant Castellon. (DE 1.) The original complaint alleged (1) a 42 U.S.C. § 1983 claim against the individual defendants, (2) a New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, claim against the individual defendants, and (3) a "respondeat superior" claim against the City. (*Id.* ¶¶ 31–41.) (It was quickly amended to correct Gentile's name. (DE 4)) The City and Mayor Lora moved to dismiss. (DE 6, 8.) Deputy Chief Gentile and Lieutenant Castellon answered and did not move to dismiss. (DE 7.) Auslander filed a brief in opposition to the motion to dismiss (DE 12), but also separately moved to amend his complaint (DE 13). His proposed Second Amended Complaint drops the pure respondeat superior theory with respect to the City, substituting a "custom and practice" allegation intended to support municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[2] The City responds that, even as amended, the complaint fails to state a municipal liability claim. (DE 14.)

---

[2]   Count 3 of the Second Amended Complaint is still titled "Respondeat Superior," however.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

## III. DISCUSSION

I hold three things: (1) Auslander may amend his complaint; (2) the Second Amended Complaint fails to allege sufficient involvement by Mayor Lora; and (3) the Second Amended Complaint fails to allege a policy or custom that would render the City liable under *Monell*.

First, because Auslander moved to amend more than 21 days after the motions to dismiss and answer were filed, he requires leave of court. *See* Fed. R. Civ. P. 15(a)(1)(B), (2). Leave shall be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The main reason to deny amendment is prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). There would be no prejudice here because no defendant has opposed the amendment, and the City argues that the amendment does not help Auslander. In similar situations, I have granted the motion to amend, and addressed the motion-to-dismiss arguments as applied to the amended version of the complaint. *Herbert v. County of Essex*, Civ. No. 19-20409, 2020 WL 4218411, at *3 (D.N.J. July 23, 2020). Finding no procedural unfairness and an adequate opportunity to respond, I do so again here.

Second, moving to the Rule 12(b)(6) arguments, the claims against Mayor Lora must be dismissed for failure to allege sufficient personal involvement. In a § 1983 case, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 676). Such personal involvement must be supported by factual allegations in the complaint. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). NJCRA claims, which are parallel to § 1983 claims, require the same. *Cresci v. Kazan*, Civ. No. 19-19928, 2020 WL 5700754, at *2 (D.N.J. Sept. 24, 2020) (citations omitted). The Amended Complaint contains no factual allegations that Lora directed or acquiesced in the conduct of Deputy Chief Gentile or Lieutenant Castellon. The Amended Complaint does not so much as suggest that Lora has any idea who Auslander is. Because there are no factual allegations suggesting that Lora was involved in the workplace actions of which Auslander complains, the claims against Lora must be dismissed. *Cresci v. Kazan*, 2020 WL 5700754, at *3.

Third, Auslander fails to include allegations necessary for municipal liability. A municipality may be liable under § 1983 and the NJCRA if its "policy or custom inflicted the [constitutional] injury in question." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (cleaned up); *see also, e.g.*, *Khalil v. City of Paterson*, Civ. No. 18-3241, 2018 WL 6168191, at *9 (D.N.J. Nov. 26, 2018) (same municipal-liability principles apply to NJCRA). Absent an explicit policy, municipal liability may nevertheless arise when "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Roman*, 914 F.3d at 798 (citation omitted).

Seemingly relying on this principle, Auslander alleges that political retaliation "is so widespread, common and accepted within the government and institutions of the City of Passaic as to amount to an official policy." (Am. Compl. ¶ 40A.) But the only supporting factual allegation is a list of the names

of five individuals who, he states without elaboration, "have faced retaliation." (*Id.* ¶ 40B.) He does not describe such retaliation or identify the retaliators. More facts are necessary because "retaliation," without more, is no more than a legal conclusion. *Kriss v. Fayette County*, 504 F. App'x 182, 187 (3d Cir. 2012). Nor can Auslander rely on allegations regarding Deputy Chief Gentile and Lieutenant Castellon to establish a custom or policy. He identifies only a few vague instances of their allegedly retaliatory conduct and does not allege that any higher-up City officials knew of their actions. As a result, it is not plausibly alleged that such conduct was so "so well-settled and permanent" as to constitute municipal policy. *Roman*, 914 F.3d at 798.

Count 3 will therefore be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the motion to amend will be granted, but the motions to dismiss will be granted as well. Claims against Mayor Lora and Count 3 are dismissed for failure to state a claim.

A separate order will issue.

Dated: July 21, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**